NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL GALLINA, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civ. No. 09-3842 (DMC) (JAD) |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant John E. Potter's ("Defendant") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment under Rule 56(c). No oral argument was heard pursuant to Rule 78. For the reasons stated below, Defendant's motion to dismiss is **GRANTED.**

**I. BACKGROUND**[1]

Plaintiff Michael Gallina ("Plaintiff") brings claims under Section 501 of the Rehabilitation Act and Title VII of the Civil Rights Act of 1964, alleging discrimination on the basis of gender and disability because he was not allowed to work the position he bid for at the United States Postal Service in Fort Lee, New Jersey. Compl. ¶¶ 1, 21, 25. Plaintiff also asserts a Title VII hostile work environment claim on the basis of harassment and poor treatment by his supervisor, a female

---

[1] The facts in the Background section have been taken from the parties' submissions.

Postmaster.  Compl. ¶ 28.

## II. STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).  Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. 550 U.S. at 555.

## III. DISCUSSION

Prior to bringing suit under Title VII of the Civil Rights Act of 1964, a plaintiff must exhaust his administrative remedies, which include submitting the claim to the EEOC for conciliation. Webb v. City of Philadelphia, 562 F.3d 256, 262 (3d Cir. 2009).  "The purpose of this administrative exhaustion requirement is to put the EEOC on notice of the plaintiff's claims and afford it 'the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court.'" Id. (quoting Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996)).  Federal regulations also require a plaintiff suing under the Rehabilitation Act to first file a claim with the EEOC.  29

C.F.R. § 1614.105; Wilson v. MVM, Inc., 475 F.3d 166, 713-74 (3d Cir. 2007) ("It is clear from the statute and the law of this Court that a plaintiff must exhaust administrative remedies before bringing a claim under the [Rehabilitation Act]."). Thus, prior to passing upon the merits of plaintiff's substantive claims, the Court must satisfy itself "that the claims are properly before it, including determining whether the plaintiff properly exhausted administrative remedies." Wilson, 475 F.3d at 173.

The Third Circuit has recognized that "[t]imeliness of exhaustion requirements are best resolved under Rule 12(b)(6) covering motions to dismiss for failure to state a claim." Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997). This is because "[a] complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition of suit specified by Title VII: prior submission of the claim to the EEOC for conciliation or resolution." Id. (quoting Hornsby v. United States Postal Serv., 787 F.2d 87, 90 (3d Cir. 1986) Given that the remedies and procedures set forth in the Civil Rights Act–including the exhaustion of administrative remedies requirement –are incorporated into the Rehabilitation Act, it logically follows that a plaintiff must also assert exhaustion of the administrative remedies in the complaint in order to withstand a motion to dismiss on any Rehabilitation Act claims. See 29 U.S.C. § 794a(1)(1) (2010); Wilson, 475 F.3d at 173 (noting that Rehabilitation Act adopts procedures set forth in Title VII).

Defendant argues that Plaintiff's Title VII and Rehabilitation Act claims must be dismissed because Plaintiff failed to exhaust his administrative remedies under the acts. Though Plaintiff makes passing reference to an EEO claim in the unsworn certification he attached to his opposition brief, Pl.'s Certification ¶¶ 26, 32, he does not allege anywhere in the Complaint that he has satisfied his administrative remedies with respect to claims under either act. Therefore, he has failed to state a

claim upon which relief may be granted and the Complaint must be dismissed.[2] See Robinson, 107 F.3d at 1022 ("[T]he causes of action created by Title VII do not arise simply by virtue of the events of discrimination which that title prohibits." (quoting Hornsby, 787 F.2d at 90)).

### IV.  CONCLUSION

For the reasons stated, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is **granted**.

       S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | December  3 , 2010 |
| Orig.: | Clerk |
| cc: | All Counsel of Record |
| | Hon. Joseph A. Dickson, U.S.M.J. |
| | File |

---

[2]Though Plaintiff brings his disability claim under both the Rehabilitation Act and the Americans with Disabilities Act ("the ADA"), his ADA claim fails because "Title II of the ADA is not applicable to the federal government." Cellular Phone Taskforce v. FCC, 217 F.3d 72, 73 (2d Cir. 2000) ("The term 'public entity' means . . . any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." (quoting 42 U.S.C. § 12131(1) (2010))).